## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES GARY BRUCE,** | : | **CIVIL ACTION NO. 3:22-1972** |
| **Petitioner** | : | |
| | : | **(JUDGE MANNION)** |
| **v.** | : | |
| **WARDEN SPAULDING** | : | |
| **Respondent** | : | |

### MEMORANDUM

Petitioner, Charles Gary Bruce, an inmate confined in the United States Penitentiary, Lewisburg, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges his conviction in the United States District Court for the Western District of Tennessee for robbery, use of a firearm in the commission of robbery, arson, murder to prevent communication with law enforcement, conspiring to obstruct justice by interfering in the investigation of robbery and murder and escape. United States v. Bruce, No. 1:93-cr-10052 (W.D. Tenn.). A response (Doc. 15) and traverse (Doc. 16) having been filed, the petition is ripe for disposition. For the reasons set forth below, the Court will dismiss Petitioner's §2241 petition for lack of jurisdiction.

## I. Background

On August 8, 1996, a jury convicted Bruce of conspiring to rob a business affecting interstate commerce, in violation of 18 U.S.C. §1951; using a firearm during the commission of a robbery, in violation of 18 U.S.C. §924(c); destroying by fire a business affecting interstate commerce, in violation of 18 U.S.C. §844(h)(1); murdering to prevent communication to law enforcement official of a federal offense, in violation of 18 U.S.C. §1512(a)(1); conspiring to obstruct justice by interfering with the investigation of robbery and murder, in violation of 18 U.S.C. §371; and escaping from custody, in violation of 18 U.S.C. §751. United States v. Bruce, No. 1:93-cr-10052 (W.D. Tenn.), Doc. 641. He was sentenced to term of life imprisonment plus 10 years to be served consecutively on November 8, 1996. Id. at Doc. 671. The Sixth Circuit Court of Appeals affirmed the convictions and sentence, United States v. Bruce, 142 F.3d 437 (6th Cir. Mar. 31, 1998), and the Supreme Court denied certiorari, Bruce v. United States, 525 U.S. 882 (1998).

Ten years later, on June 6, 2008, Bruce filed a §2255 motion to vacate, which included several claims of newly discovered evidence, but the sentencing court denied the motion as untimely and for failing to state a constitutional violation. (Doc. 15-1 at 1, United States v. Bruce, Civ. No. 08-

1136-JDT (W.D. Tenn. Feb. 4, 2011)). The Sixth Circuit denied a certificate of appealability. (Doc. 15-1 at 23, Bruce v. United States, No. 11-5251 (6th Cir. Sept. 20, 2011)).

In 2012, Bruce filed a Rule 60(b) motion, which the sentencing court construed to be a second or successive §2255 motion and transferred it to the Sixth Circuit. (Doc. 15-1 at 25, In re Bruce, 2012 U.S. App. LEXIS 27161 (6th Cir. December 21, 2012)). Bruce sought to raise actual innocence claims based on affidavits from two women who stated another person confessed to the murders for which Bruce was charged. Id. After a detailed examination of the affidavit and answers to interrogatories by one affiant, the court concluded that "[t]he newly discovered evidence would not lead a reasonable factfinder to believe that Bruce is not guilty of these murders." Id.

In 2014, the Sixth Circuit rejected Bruce's request to file a successive §2255 motion based on Alleyne v. United States, 570 U.S. 99 (2013), and Peugh v. United States, 569 U.S. 530 (2013). (Doc. 15-1 at 27, In re Bruce, No. 13-6193 (6th Cir. Apr. 16, 2014)).

In 2018, Bruce again sought leave to file a successive §2255 motion claiming newly discovered evidence in the form of two depositions conducted by Bruce's brother as his private investigator of trial witness Ira Travis. (Doc. 15-1 at 29, In re Bruce, No. 18-5080 (6th Cir. July 31, 2018)). Bruce claimed

- 3 -

Mr. Travis recanted his trial testimony in the depositions. Id. The court denied the application stating, "Even if Bruce would prove that the deposition testimony by Travis is newly discovered, his claim of actual innocence based on this evidence is insufficiently persuasive when viewed in light of the other evidence and testimony at trial." Id.

Bruce later filed two applications seeking to overturn his §924(c) conviction pursuant to United States v. Davis, 139 S. Ct. 2319 (2019) on the basis that his Hobbs Act robbery is not a crime of violence, (Doc. 15-1 at 31, In re Bruce, No. 19-6303 (6th Cir. Feb. 4, 2020), and because his conspiracy to commit a Hobbs Act robbery could not qualify as a crime of violence because the conspiracy offense lacks the use of force as an element, (Doc. 15-1 at 33, In re Bruce, No. 20-5261, (6th Cir. Sept. 15, 2020). The court denied both claims because Bruce's §924(c) conviction is based on his conviction for the substantive offense of Hobbs Act robbery, which falls within the definition of "crime of violence" within the meaning of §924(c)'s elements clause.

In 2020, the Sixth Circuit denied Bruce a successive §2255 motion based affidavits by Ira Travis and another witness, David Frazee. (Doc. 15-1 at 35, In re Bruce, No. 19-6166 (6th Cir. Feb. 4, 2020). The affidavit for Travis stated the prosecutor threatened and coerced him, so he recants his

trial testimony. Id. Frazee stated he was present with Bruce during a portion of the evening the crimes occurred. Id. The court noted that Bruce knew of these possible grounds for relief when he filed his earlier motions, and even with this "new" evidence, Bruce could not establish that "no reasonable fact finder would have found him guilty." Id. at 4.

More recently, Bruce sought authorization for a successive §2255 motion based on the same Frazee affidavit as well as an affidavit of Barbie Ann Merell, whom he identified as an investigator. (Doc. 15-1 at 37, In re Bruce, No. 20-5810 (6th Cir. Nov. 3, 2020)). Bruce asserted a due process violation on the basis the prosecution withheld Frazee's exculpatory statement at trial. Id. The court again concluded that the affidavits neither qualified as newly discovered evidence nor could establish that no reasonable factfinder would have found Bruce guilty. Id.

On December 13, 2022, Bruce filed the instant petition for writ of habeas corpus. (Doc. 1). He raises claims based on alleged violations of his Fourth, Fifth and Sixth Amendment rights based on the prosecutorial misconduct and ineffective assistance of counsel. (Doc. 2 at 9-12, 18-63.) He alleges, *inter alia*, that the government engaged in witness intimidation, coached witnesses, withheld exculpatory evidence, withheld statements from witnesses who could have impeached false testimony, improperly

- 5 -

introduced grand jury tapes at trial and used paid informants. (Id. at 11-13,
19-63.) He asserts his counsel worked for the prosecution against his co-
defendants, failed to properly raise objections, failed to impeach government
witnesses, failed to properly investigate his case and uncover the evidence
he now seeks to bring to this Court's attention and failed to properly advise
him about the offer of a plea agreement for a 15-year sentence. (Id. at 13,
48-55.) Bruce explains how several witnesses gave false testimony during
his trial, (id. at 19-42), claims the government suppressed information of
alternate suspects and withheld statements from witness David Frazee who
placed Bruce at home and in bed at the time of the murders Id. at 42-44.


## II. **Discussion**

Federal prisoners seeking post-conviction relief from their judgment of
a conviction or the sentence imposed are generally required to bring their
collateral challenges pursuant to 28 U.S.C. §2255 in the sentencing court,
which is "already familiar with the facts of the case." See Boumediene v.
Bush, 553 U.S. 723, 774-75 (2008); 28 U.S.C. §2255(e). Section 2255
provides in relevant part:

(a) A prisoner in custody under sentence of a court established by
    Act of Congress claiming the right to be released upon the
    ground that the sentence was imposed in violation of the

- 6 -

Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

\*\*\*

(e) An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

\*\*\*

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, who would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255. Subsection (e) is commonly referred to as the "saving clause."

In in <u>Jones v. Hendrix</u>, 599 U.S. __, __ S. Ct. __, No. 21-857, 2023 WL 4110233 (June 22, 2023), the petitioner filed a §2241 petition challenging his sentence based on a new Supreme Court case interpreting his statute of

conviction. 2023 WL 4110233 at *4. He had previously filed a §2255 petition, which was adjudicated on the merits. Id. He argued that he could pursue a new challenge to his sentence in a §2241 petition because, before the new Supreme Court case was issued, his position was foreclosed by binding circuit precedent, so his §2255 remedy had been "inadequate or ineffective" to test the legality of his sentence. Id. The U.S. Supreme Court affirmed the district court's dismissal of his §2241 petition for lack of jurisdiction, explaining:

> [T]he saving clause does not authorize...an end-run around [§ 2255(h)]. In §2255(h), Congress enumerated two—and only two— conditions in which a second or successive §2255 motion may proceed. Because §2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from §2255 is that a second or successive or collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied.

Id. at *7 (expressly overruling Third Circuit's application of the saving clause in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997)).

In this case, Bruce challenges his conviction, but he previously filed a §2255 petition that was denied. Thus, under Jones, he cannot challenge his sentence with a §2241 petition unless it fits within the parameters of §2255(h). Jones, 2023 WL 4110233, at *5 (holding "that §2255(e)'s saving clause does not permit a prisoner asserting an intervening change in

statutory interpretation to circumvent AEDPA's restrictions on second or successive §2255 motions by filing a §2241 petition."). The Sixth Circuit has already found that Bruce's claims do not satisfy §2255(h). His §2241 petition is an unauthorized successive collateral attack on his conviction. <u>Jones</u>, 2023 WL 4110233, at *9 ("Congress has chosen finality over error correction...."). Consequently, Bruce's petition will be dismissed for lack of jurisdiction.

## III. **Conclusion**

Based on the foregoing, Bruce's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 will be dismissed for lack of jurisdiction.

An appropriate Order follows.


**MALACHY E. MANNION**
**United States District Judge**

**Dated: July // , 2023**
22-1972-01

- 9 -